UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **HARD METAL ADVANTAGE L L C** | **CASE NO. 6:20-CV-01702** |
| **VERSUS** | **JUDGE JUNEAU** |
| **KENNAMETAL INC** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

### REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss Count I or to transfer venue filed by defendant Kennametal, Inc. ("Kennametal"). (Rec. Doc. 12). Plaintiff Hard Metal Advantage, LLC ("HMA") opposed Kennametal's motion. (Rec. Doc. 15). Kennametal timely filed its reply and the motion is fully briefed and properly before the Court for consideration. (Rec. Doc. 16). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the motions before the Court be GRANTED in part and DENIED in part.

### Factual Background

HMA, a Louisiana LLC, is the owner of U.S. Patent No. D649,987 ("the '987 Patent") entitled "Carbide Chip" and U.S. Trademark Reg. No. 5,404,184 ("the '184 Trademark"). (Rec. Doc. 1 at ¶ 6). HMA's Carbide Chip is used in mills and on downhole drilling tools. (*Id.*). HMA filed the instant suit alleging "willful patent

infringement" by Kennametal based on "sales of products and/or services provided to persons in Lafayette Parish, Louisiana and in this judicial district." (*Id.* at ¶¶ 1, 4).

Count I of HMA's suit alleges affirmative acts by Kennametal in the Western District of Louisiana in violation of HMA's '987 Patent pursuant to 35 U.S.C. § 271, to wit: selling carbide chips that infringe on its '987 Patent thereby causing HMA irreparable harm. HMA alleges Kennametal maintains a regular and established place of business within this judicial district and engages in direct sales and marketing of its offending product via its website. (Id. at ¶ 4). HMA prays for an award of attorney's fees as to this count pursuant to 35 U.S.C. § 285 on the basis that it presents an "exceptional case." (*Id.* at ¶¶ 8-18).

Count II alleges Kennametal's infringement upon HMA's '184 Trademark. (Rec. Doc. 1 at ¶¶ 19-37). HMA asserts that its carbide chip bears protectable trade dress, such as "size, shape and/or sculptural configuration" under § 43(a) of the Lanham Act,[1] including "distinctive non-functional elements which are incorporated in Defendant's Infringing Products." (*Id.* at ¶¶ 27, 29). Count II alleges Kennametal is actively marketing a product bearing the trade dress of its own Trademarked product, thereby diminishing Plaintiff's Trademark. (*Id.* at ¶¶ 28-29).

---

[1] 15 U.S.C. § 1125(a).

HMA's suit also includes Louisiana law claims for trademark infringement under La. R.S. 51:222 and unfair competition under La. R.S. 51: 1401, *et seq*. (Rec. Doc. 1 at Counts 3 and 4, ¶¶ 38-46).

HMA prays for an award of attorney fees pursuant to 35 U.S.C. § 285; preliminary injunctive relief enjoining Kennametal from further infringing upon HMA's Patent or Trademark; for an order requiring Kennametal to recall any and all products infringing upon the Trade Dress of its Carbide Chip; for an accounting of all profits derived from the sale of Kennametal's alleged infringing product; and for damages not to exceed three times the amount shown to sustained as actual damages; for an order directing that all products, documents, materials, labels, signs, packaging, advertisements or other items bearing the design or likeness of the alleged infringing product be delivered into HMA's possession along with any devices, molds, matrices, or other means of manufacturing or making the product at issue. (*Id.* at pp. 4, 9-10).

## Law and Analysis

### I. Count I

28 U.S.C. §1400(b), regarding venue in patent suits, provides

> any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

In the seminal case *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S.Ct. 1514 (2017), the U.S. Supreme Court clarified the full autonomy of the patent venue statute. The Court, speaking through Justice Thomas, rejected a series of rulings by the Federal Circuit applying the 28 U.S.C. § 1391(c)'s general venue provision specifying, "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced" to § 1400(b). Tracing jurisprudence on the issue, the Court concluded the Federal Circuit's line of cases impermissibly disregarded the Supreme Court's prior instruction in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226 (1957), in which the Court concluded unequivocally, as used in § 1400(b) "residence" refers only to the state of incorporation.

Kennametal asserts and HMA does not dispute that it is incorporated under the laws of the State of Pennsylvania. (Rec. Doc. 12-1 at pp. 3-4 citing Decl. of Zurga found at Exh. 1). Rather, HMA stakes its claim to venue here in the Western District of Louisiana based on the presence of Kennametal employee Ryan Mathers ("Mathers"), an alleged "regular and established place of business," and alleged acts of infringement all within this district. (Rec. Doc. 1 at ¶¶ 3, 4, 15; Rec. Doc. 15 at pp. 4 – 8).

Kennametal does not dispute that Mathers is its employee or that Mathers' private residence is located within the Western District of Louisiana. (Rec. Doc. 16

at p. 5 citing Second Decl. of Zurga ¶ 7). Rather, Kennametal denies that Mathers' private residence serves as the sort of business locale that would qualify as a "regular and established place of business" under applicable jurisprudence.

Concerning application of the Patent Act, we look to the law of the Federal Circuit, rather than the regional circuits. *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Explicating the phrase, the Federal Circuit held that a patentee must show an alleged infringing party maintains "a physical place within the district" from which it operates a "regular and established place of business." The Federal Circuit elaborated, explaining that the conduct of business from this physical location must be "steady, uniform, orderly or methodical" in nature. *Id.* at 1362 (internal citation omitted). The court further instructed that the inclusion of the word "established" implies that the location of the business is fixed and not subject to transfer upon the whim of the employee. Thus, if an employee's home is alleged to be the situs of the place of business, it may not properly be described as "regular and established" if the employee may decide at any time to move to a new residence without consulting his employer. *Id.* at 1363 citing, inter alia, *In re Cordis Corp.*, 769 F.2d 733, 735 (Fed. Cir. 1985).

Kennametal offers two declarations by Kennametal employees relevant to the issue of "regular and established place of business" in support of its motion. The Declaration of Mark E. Healey, Manager of Engineering and Manufacturing Support

5

at Kennametal's Victoria, British Columbia, Canada location attests to Kennametal's November 2013 acquisition of the Tungsten Materials business of Allegheny Materials Incorporated ("ATI"). Healey attests that the Offending Product was being made by ATI prior to Kennametal's acquisition of ATI at ATI's Houston, Texas facility until Kennametal transferred production of the product to its Victoria, British Columbia facility in 2016. (Rec. Doc. 12-3). Healey states that Kennametal has never manufactured or processed sales of the Offending Product from Louisiana. (Id. at ¶ 9). Similarly, the Declaration of Tyler Zurga, Kennametal's Manager for Marketing Portfolio Management, attests that Kennametal neither owns, nor leases any property located in the State of Louisiana. Zurga further specifies that Kennametal does not use Mathers' home for storage of materials or product and Mathers' purview as a product sales representative does not include the Offending Product at issue in this case. (Rec. Doc. 12-2).

HMA asserts no facts in contradiction of the declarations offered by Kennametal. Rather, HMA argues that it should be granted an opportunity to engage in discovery on this issue and asserts that, in the absence of an evidentiary hearing, the court is bound to accept its allegations as true for the purposes of this motion. Plaintiff misstates the applicable standard. Instead, this Court accepts only those factual allegations by Plaintiff which are not "directly controverted" as true during its consideration of a Rule 12(b)(3) motion to dismiss. *Akro Corp. v. Luker*, 45 F.3d

6

1541, 1543 (Fed. Cir. 1995) quoting *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1563 (Fed. Cir. 1994).

HMA offers only the LinkedIn profile of Mathers, stating that his residence is in Maurice, Louisiana and that he works for Kennametal in Lafayette, Louisiana as proof of Kennametal's "regular and established place of business" in this case. Federal Circuit jurisprudence sets a high bar when, as here, a patentee seeks to prove an employee's home is actually an employer's "regular and established place of business." HMA offers no indicia of what relevant information it hopes to find if discovery were granted, given the declarations of Healey and Zurga, discussed above. This lack of discovery plan is more concerning when, again, the Federal Circuit's criteria regarding what may be fairly considered a "regular and established place of business" in an employee's home is exacting. Although it is accurate that an employer need not *own* physical property within a district, as argued by Kennametal, an employer does need to lease, exercise control over, or otherwise maintain a presence by storage of its stock, materials, literature or supplies. HMA's proposed questions regarding, "job responsibilities, customers or business contacts within the…district, or whether the employee regularly uses any company property or vehicle within this district" (Rec. Doc. 15 at p. 6) are not relevant enough to the jurisprudential hallmarks of "regular and established place of business" as would be necessary to prove venue within the district. Moreover, this Court views the

affidavits offered by Kennametal as directly controverting HMA's allegations that Kennametal maintains a "regular and established place of business" in this district.

Based on the foregoing analysis, this Court will recommend a finding of improper venue as to Plaintiff's claims under 28 U.S.C. § 1400 and, accordingly, transfer of Plaintiff's patent infringement claim to the U.S. District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406. *In re Google, LLC*, 2018 WL 5536478 * 2 (Fed. Cir. 2018) (distinguishing transfer motions pursuant to § 1404 sought for convenience from those pursuant to § 1406, the purpose of which is to cure a venue defect under, *inter alia*, § 1400(b)).

## II. Remaining Claims

Kennametal's motion vaguely raises the issue of this Court's potential transfer all of HMA's claims in this suit in a footnote to its reply brief. (Rec. Doc. 16 at p. 7, n. 4). Neither party asserts improper venue as to HMA's remaining claims. Accordingly, we analyze the transfer of these claims pursuant to 28 U.S.C. § 1404(a), which permits transfer "for the convenience of the parties and witnesses, in the interest of justice…to any other district or division where it might have been brought…" *In re Apple Inc.*, 979 F.3d 1332 at 1346 (Fed. Cir. 2020) (citing *HollyAnne Corp. v. TFT Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999).

In a brief telephone conference, held on November 12, 2021, the undersigned asked for counsel's thoughts regarding the venue of the remaining claims if the Court

determined that venue was improper as to Count I. Counsel for HMA asserted that all other claims should remain lodged in this Court's docket if the Court finds in favor of transfer as to Count I, while counsel for Kennametal took the opposing view, advocating for transfer all claims under those circumstances. (Rec. Doc. 19). Our analysis of these claims, involving federal trademark law as well as Louisiana law of trademarks and unfair competition, requires evaluation according to the public and private interest factors described in *In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004) ("*Volkswagen I*"). *In re Apple Inc.*, 979 F.3d at 1336 citing *In re Barnes & Noble, Inc.*, 743 F.3d 1381, 1383 (Fed. Cir. 2014) (unlike transfers under § 1400, the law of the regional circuit is applied to issues of transfer under § 1404(a)).

The briefs provided by the parties do not address the issue of transfer of HMA's remaining claims pursuant to § 1404(a) and, thus, the Court does not have adequate information with which to evaluate the *Volkswagen* factors. The Court also finds that the parties should be permitted an opportunity to brief the issue of transfer under § 1404(a) as it relates to HMA's remaining claims in light of the Court's proposed finding as to transfer of Count I under §§ 1400 and 1406. Accordingly, the Court will recommend the filing of briefs on this issue to be followed by a separate Report and Recommendation, during which the Court will refrain from consideration of the merits, as required under Fifth and Federal Circuit jurisprudence. *In re Apple Inc.*, 979 F.3d at 1337-38 (citing *In re Horseshoe*

*Entertainment*, 337 F.3d 429, 433 (5th Cir. 2003), *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3rd Cir. 1970), and *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013).

## Conclusion

For the reasons discussed herein, the Court recommends that Kennametal's motion to dismiss or to transfer (Rec. Doc. 12) be GRANTED insofar as it is recommended that Count I of HMA's complaint be transferred from this district to the U.S. District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1400(b) and 1406, but DENIED as to dismissal of Count I. It is further recommended that, given the foregoing proposed findings, the Court order the filing of simultaneous briefs on the issue of transfer of HMA's remaining claims pursuant to 28 U.S.C. § 1404(a). The undersigned is prepared to evaluate such briefs and issue a second Report and Recommendation addressing the remainder of the transfer issues which will be presented to the Court, should the Court agree.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*) (superseded by statute on other grounds, 28 U.S.C. §636(b)(1)).

THUS DONE in Chambers, Lafayette, Louisiana on this 10th day of December, 2021.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE